NOT FOR PUBLICATION

**CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MIGUEL MARTINEZ, | : | Civil Action No. 03-1846 (JLL) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| ROY HENDRICKS, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    MIGUEL MARTINEZ, #795297B
    Northern State Prison
    168 Frontage Road  B-3-E
    P.O. Box 2300
    Newark, New Jersey  07114
    Petitioner Pro Se

    DEBRA A. OWENS, Deputy Attorney General
    PETER C. HARVEY, ATTORNEY GENERAL OF NEW JERSEY
    Division of Criminal Justice - Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey  08625
    Attorneys for Respondents

**LINARES**, District Judge.

    Miguel Martinez filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Hudson County, on June 20, 1991.  Respondents filed an Answer seeking dismissal of the Petition on several grounds,

including statute of limitations, 28 U.S.C. § 2244(d). For the reasons expressed below, the Court dismisses the Petition as untimely and denies a certificate of appealability.

## I. BACKGROUND

Petitioner challenges a judgment of conviction filed in the Superior Court of New Jersey, Hudson County, on June 20, 1991, after a jury found him guilty of murder, felony murder, armed robbery, possession of a weapon for an unlawful purpose, and unlawful possession of a weapon. The Law Division sentenced Petitioner to a life sentence, with a 30-year period of parole ineligibility on the murder conviction, a concurrent 15-year sentence on the armed robbery conviction, and merged the remaining counts. Petitioner appealed and in an opinion filed October 22, 1992, the Appellate Division affirmed the conviction and sentence. On January 20, 1993, the Supreme Court of New Jersey denied certification. State v. Martinez, 133 N.J. 430 (1993) (table).

On May 13, 1993, Petitioner executed a state petition for post conviction relief, which was filed in the Law Division. After conducting an evidentiary hearing, the Law Division denied relief on November 12, 1996. The Appellate Division affirmed the order denying post conviction relief on December 20, 1999. The Supreme Court of New Jersey denied certification on March 22, 2000. State v. Martinez, 163 N.J. 396 (2000) (table).

On April 22, 2003, Petitioner executed the § 2254 Petition which is now before this Court. The Clerk received it on April 24, 2003. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). The Petition asserts ten

grounds, none of which involves a right newly recognized by the Supreme Court. Respondents filed an Answer, with relevant portions of the state court record, arguing that the Petition should be dismissed as time-barred and on the merits. Petitioner did not file a reply.

## II. DISCUSSION

A. Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory

tolling under certain circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. The one-year limitations period is subject to equitable tolling "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Equitable tolling is appropriate

> only when the principle of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (internal citations and alterations omitted); see also Merritt, 326 F.3d at 168.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken,

4

and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). Because Petitioner's conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996. See Merritt, 326 F.3d at 161; Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). The limitations period was statutorily tolled, however, as of April 24, 1996, because Petitioner's petition for post conviction relief was pending before the New Jersey courts on that date. The limitations period was tolled until the petition for post conviction relief was resolved on March 22, 2000, when the Supreme Court of New Jersey denied certification. See Stokes v. District Attorney, 247 F.3d 539 (3d Cir. 2001). The statute of limitations began to run on March 23, 2000, and expired one year later on March 22, 2001. Petitioner did not sign his § 2254 Petition until April 22, 2003. Absent equitable tolling, the Petition is time barred.

Petitioner has not argued that the limitations period should be equitably tolled. The Court has reviewed the submissions of the parties and discerns no extraordinary circumstances warranting equitable tolling. Because there are no extraordinary circumstances warranting equitable tolling, the Court holds that the instant § 2254 Petition is barred by the one-year statute of limitations. The Court therefore dismisses the Petition with prejudice.

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that

"the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Id.</u>

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

The Court dismisses the Petition with prejudice and denies a certificate of appealability. . An appropriate Order accompanies this Opinion.

DATED: October 14, 2005

/s/ Jose L. Linares
UNITED STATES DISTRICT JUDGE